ORIGINAL ORIGINAL

Law Offices of Beles & Beles
Robert J. Beles Bar no. 41993
Matthew Thomas Matejcek Bar no. 319147
One Kaiser Plaza, Suite 2300
Oakland, California 94612-3642
Tel No. (510) 836-0100
Fax. No. (510) 832-3690

Attorneys for *Defendant*
*CARSON FRIES*

United States District Court
Northern District of California
Oakland Division

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, vs. CARSON FRIES, *Defendant*. | No. 26-CR-231 HSG<br>DEFENDANT'S SENTENCING MEMORANDUM |

## DEFENDANT'S SENTENCING MEMORANDUM

### 1. Recommended sentence.

The Presentence Investigation Report recommends the following sentence:

> "Given the consideration of all the aforementioned factors, including the defendant's history and characteristics pursuant to 18 U.S.C. § 3553(a)(1) — his relatively low prior sentences, the challenges of his youth, his struggles with addiction, and his post-offense rehabilitative efforts toward residential substance abuse treatment and continuing education, balanced against the seriousness of the offense and the defendant's criminal history, the probation officer finds that a sentence below the low end of the guideline range is appropriate in this case. ***Therefore, the probation officer recommends a sentence of 60 months custody (the mandatory minimum custodial term in this case)***. While representing a downward variance from the guideline range, 60 months custody is still a significant term of incarceration. It is the hope of the undersigned that the defendant's continued participation in rehabilitative programming mitigates the chances of potential future recidivism.
>
> A period of four years of supervised release will provide an opportunity for the defendant to establish himself as a positive member of the community with the support and supervision of a probation officer. No fine is recommended due to the defendant's inability to pay. A $100 special assessment is mandatory."

(Presentence investigation report, p. 21, emphasis added.)

ORIGINAL ORIGINAL

As the Presentence Investigation Report correctly states, 60 months is the lowest sentence defendant can receive because of the five year mandatory minimum sentence applicable to this conviction.[1] Thus, defendant agrees with the probation officer's recommendation of 60 months.

**2. Two level increase for firearms.**

The final presentence report calculates defendant's criminal history score as zero, resulting in a criminal history category of I. (Presentence Investigation Report, p. 8, paragraph 39.) Defendant agrees with the probation officer's calculation of criminal history.

Defendant and the probation officer disagree with defendant's offense level calculation. The draft presentence report recommended a two level increase for possession of firearms during the offense under Guideline section 2D1.1(b)(1). (Draft Presentence Report, p. 7.) This resulted in a total offense level of ***31***, resulting from a base offense level of 32 + 2 for firearms – 3 for acceptance of responsibility. (Draft Presentence Report, pp. 6-7.) The plea agreement, p. 5, did not include an adjustment of +2 levels for firearms possession. The plea agreement otherwise agreed with the draft presentence report that the base offense level is 32 and a downward adjustment of -3 for acceptance of responsibility is appropriate, yielding a total offense level of ***29***.

Defendant objected to the inclusion of the section 2D1.1(b)(1) 2 level increase. Defendant's objections are set forth on page 18 of the Presentence Investigation Report, paragraphs 2 and 3. The probation officer disagrees with defendant, see page 18, paragraph 4 of the Presentence Investigation Report.

However, resolution of this disagreement over calculation of defendant's offense level would not make a difference if the court follows the probation officer's recommendation and imposes a 60 month sentence. Even with a criminal history category of I, the low end of the guidelines for both a level 31 offense and a level 29 offense are considerably more than 60

---

[1]The only way to get below the mandatory minimum would be for defendant to qualify for the safety valve under 18 U.S.C. section 3553(f) (see corresponding sentencing Guideline sections 5C1.2 and 2D1.1(b)(18)). The safety valve has a debriefing requirement under 3553(f)(5), however, and defendant has not debriefed, making it presently unavailable.

ORIGINAL ORIGINAL

months.

**3. Self-surrender.**

Defendant requests that he be permitted to self-surrender after New Years day so that he can spend time with his family over the holidays.

Dated: Oakland, California, Wednesday, October 28, 2026.

Robert J. Beles
Attorney for *Defendant* CARSON *FRIES*

ORIGINAL ORIGINAL

**PROOF OF SERVICE**

I, the undersigned, depose and state: I reside or do business within the County of Alameda. I am eighteen years of age or older and not a party to this action. My business address is 1 Kaiser Plaza, Suite 2300, Oakland, CA 94612-3642.

On Wednesday, October 28, 2026, I served the following documents:

**Defendant's Sentencing Memorandum**

I served the following persons:

Ivana Djak
Office of The U.S. Attorney
1301 Clay Street, Suite 340-S
Oakland, CA 94612
ivana.djak@usdoj.gov

(service by CM/ECF)

Brian D. Casai
U.S. Probation Officer, Oakland, CA
brian_casai@canp.uscourts.gov

(service by email)

I declare under penalty of perjury that the above is true. Executed in Oakland, California on Wednesday, October 28, 2026.

Carla Esparza
Legal Assistant